### SCHOENEMANN v. UNITED STATES.

(Circuit Court, E. D. Pennsylvania. May 15, 1902.)

No. 42.

CUSTOMS DUTIES—CLASSIFICATION—SHELLS.

Shells which have been treated with chloride of lime to cleanse them from any animal or vegetable matter adhering to them, by which their value has been increased from 5 to 10 per cent., have been "advanced in value from their natural state," and are not entitled to free entry under paragraph 635 of the free list in the tariff act of 1897, but, by virtue of the similitude provision of section 7, they are dutiable under paragraph 450, which covers manufactures of shells, and also "shells engraved, cut, ornamented or otherwise manufactured."

Appeal by Importer from Decision of Board of General Appraisers.

Frank P. Prichard, for plaintiff.

Wm. M. Stewart, Jr., and James B. Holland, for defendant.

J. B. McPHERSON, District Judge.   In September, 1897, the appellant imported certain shells, which he asserted to be either exempt from duty, or liable to only 10 per cent. ad valorem, as nonenumerated manufactured articles.   The shells were appraised, however, at 35 per cent. ad valorem, under section 1, par. 450, Act July 24, 1897, which imposes that rate upon "shells engraved, cut, ornamented or otherwise manufactured."   The board of general appraisers approved this classification, and the importer has appealed to this. court.

The shells are claimed to be exempt from duty because they are said to be embraced by paragraph 635 of section 2, which puts upon the free list "shells not sawed, cut, polished, or otherwise manufactured, or advanced in value from the natural state."   It appears from the evidence that these shells have been subjected to treatment by chloride of lime, the purpose being to clean them thoroughly from such animal and vegetable matter as may adhere to the inside or outside of the shell.   Nothing else has been done to them, but it is shown by the testimony of the importer himself that by this process their value has been increased from 5 to 10 per cent.   It is argued on his behalf that the "natural state" of the shell is its state after this cleansing process has been applied, but I am unable to take this view.   I think the "natural state" of the shell is the state in which it is ordinarily found when it is taken from the water or picked up on the shore, or perhaps after the body of the animal has been removed. Cleaning is a process that advances it by one stage toward being fit for subsequent use, and, while I agree that to clean it is not a process of manufacture, it is to be observed that paragraph 635 not only uses the words, "otherwise manufactured," but adds disjunctively the phrase, "or advanced in value from the natural state."   In my opinion, this disjunctive conjunction distinguishes the case in hand from several decisions that were cited in behalf of the importer.

The second position of the appellant is that, if the shells are not entitled to admission free of duty, they should only pay 10 per cent. under section 6, which imposes that rate upon "all raw or unmanufactured articles not enumerated or provided for."   I think, however, that the rate of 35 per cent. was properly imposed under section 7. This is the so-called "similitude section," and provides "that each and every imported article not enumerated in this act, which is similar either in material, quality, texture, or the use to which it may be applied, to any article enumerated in this act as chargeable with duty, shall pay the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars above mentioned."   Paragraph 450 imposes a rate of 35 per cent. upon manufactures of shell, and also upon "shells engraved, cut, ornamented, or otherwise manufactured."   While it is true that the shells in controversy have merely been cleaned, and therefore do not come within the language just quoted, nevertheless they come so nearly within it that section 7 carries them the remainder of the way.   They are certainly similar in material, in quality, and in texture to shells engraved, cut, ornamented, or otherwise manufactured, and they are also similar in some of the uses to which they may be applied, for it ap-

pears in evidence that the shells in controversy are sometimes used as ornaments without being subjected to any further process.

The decision of the board of appraisers is affirmed.